## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 14 2020, 7:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin Wild
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Kurt Harrison Miller
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Shawn Humble,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 14, 2020

Court of Appeals Case No.
20A-CR-1314

Appeal from the Marion Superior Court

The Honorable Charnette D. Garner, Judge

Trial Court Cause No.
49G09-1907-F6-28224

**Bailey, Judge.**

# Case Summary

Robert Humble ("Humble") challenges his conviction, following a bench trial, of Operating a Vehicle While Intoxicated, elevated to a Level 6 felony due to a 2017 conviction.[1] He raises one issue on appeal, namely, whether the State presented sufficient evidence to support his conviction.

We affirm.

# Facts and Procedural History

On July 19, 2019, the State charged Humble with Count I, operating a vehicle while intoxicated in a manner that endangers a person, a Class A misdemeanor, and Count II, operating a vehicle with an alcohol concentration equivalent ("ACE") of .15 grams of alcohol per 100 milliliters of blood or more, a Class A misdemeanor.[2] The State also filed an information elevating the charges to Level 6 felonies based on Humble's 2017 conviction of operating a vehicle while intoxicated.[3]

At Humble's January 28, 2020, bench trial, the State presented evidence of the following facts. On July 16, 2019, at approximately 11:00 p.m., Indianapolis Metropolitan Police Department Officer Garrett Catt ("Officer Catt") was

---

[1] Ind. Code § 9-30-5-2, I.C. § 9-30-5-3(a)(1).

[2] I.C. § 9-30-5-1(b).

[3] I.C. § 9-30-5-3(a)(1).

dispatched to the intersection of East Pleasant Parkway North Drive and Southeastern Avenue to investigate a report of an accident. When he arrived at the scene, Officer Catt observed a red Pontiac parked on Southeastern Avenue and Humble standing approximately 20 feet from the car. Officer Catt observed damage to the vehicle's passenger side, including scrapes and a broken light near the headlight. He also observed damage to a street sign near the intersection; the sign was "bent forward in the direction that the car was facing," and there were tire tracks in the dirt that led from the street sign to the red Pontiac. Tr. at 9.

[5] Officer Catt asked Humble how he got to the scene, and Humble replied that he "had been dropped off there by an Uber." *Id*. at 10. Officer Catt observed that Humble was not standing steadily and was swaying to the point that he almost fell over "a couple times." *Id*. Officer Catt smelled the odor of alcohol on Humble's breath and observed that Humble's eyes were red and glassy. When Officer Catt asked Humble who owned the red Pontiac, Humble stated that the vehicle was not his. Officer Catt then requested Humble's identification. When Humble reached into his pocket to retrieve his identification, Officer Catt observed that his dexterity was poor.

[6] Another officer arrived at the scene, ran a search of the license plate of the red Pontiac, and discovered that the vehicle was registered to Humble. Officer Catt then read Humble the *Miranda* warnings and again asked Humble how he got to the scene and who owned the red Pontiac. Humble then admitted that the vehicle was his and that he "drove the vehicle from a bar." *Id*. at 12. Humble

also admitted to Officer Catt that he had consumed "a couple beers" that night. *Id*. at 13. Humble was disoriented and asked Officer Catt why the officer had pulled him over, even though Humble had been standing near his vehicle by the time Officer Catt arrived at the scene.

Officer Catt asked Humble to perform a series of tasks for a field sobriety test and a certified chemical test. Humble refused to participate in any alcohol testing. At approximately 11:49 p.m., Officer Catt submitted a request for a blood draw warrant to the Marion County warrant clerk, obtained the warrant, and transported Humble to Eskenazi Hospital for a blood draw. The subsequent blood draw test showed Humble had an ACE of 0.288 grams per one hundred milliliters of blood.

The trial court found Humble guilty as charged and merged Count II into Count I. Humble stipulated to having a prior conviction of operating a vehicle while intoxicated, and his conviction for Count I was entered as a Level 6 felony. The trial court sentenced Humble to a term of 730 days on probation. This appeal ensued.

# Discussion and Decision

Humble alleges the State failed to provide sufficient evidence to support his conviction.

> When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the fact-finder's decision. *Drane*

*v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the fact-finder's decision. *Id*. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the fact-finder's decision. *Id*. at 147.

*Dowell v. State*, 155 N.E.3d 1284, 1286 (Ind. Ct. App. 2020). Moreover, a conviction may be sustained on circumstantial evidence alone. *Sallee v. State*, 51 N.E.3d 130, 134 (Ind. 2016).

[10] To prove beyond a reasonable doubt that Humble operated a vehicle while intoxicated in a manner that endangered a person, the State must have provided evidence that: (1) Humble; (2) operated a vehicle; (3) while intoxicated; (4) in a manner that endangers a person. I.C. § 9-30-5-2(a) & (b). The State met that burden here. The evidence established that Humble was the only person at the scene of the accident, the damaged vehicle was registered to him, and there were also no other vehicles at the scene. Humble eventually admitted that the vehicle was his and that he had driven it to the scene from a bar. And both Officer Catt's observations of Humble and subsequent testing soon after Humble's arrest showed that Humble was intoxicated. That is sufficient evidence from which a fact-finder could reasonably infer that Humble was

guilty of operating a vehicle while intoxicated in a manner that endangers a person.[4]

[11] Humble contends that his conviction must be reversed because there is no evidence that he drove the vehicle while intoxicated. That is not true; Officer Catt testified that Humble admitted to Officer Catt that Humble drove the vehicle from a bar to the scene of the accident that evening, and there was testimonial and laboratory evidence that Humble was intoxicated that evening. Moreover, Humble's own admission is bolstered by the circumstantial evidence. Humble's arguments to the contrary are merely requests that we reweigh the evidence and/or witness credibility, which we will not do. *E.g., Dowell*, 155 N.E.3d at 1286.

[12] Affirmed.

Robb, J., and Tavitas, J., concur.

---

[4] Humble wisely does not dispute that the State proved the endangerment element of the crime; it is well-established that the endangerment clause in the offense of operating a vehicle while intoxicated endangering another person does not require that the State prove a person other that the defendant was actually in the path of the defendant's vehicle or in the same area in order to obtain a conviction. *See, e.g., Staton v. State*, 946 N.E.2d 80, 84 (Ind. Ct. App. 2011), *trans. denied*.